CURTIS's Ex'x. *vs.* BANK OF SOMERSET.—June, 1826.

A promissory note drawn by *A*, in favour of *B*, endorsed by *B* to *C* & *D*, *Ex'rs. of T*, and by *C*, one of the *Ex'rs*, endorsed to the plaintiff. C died, and in an action of *assumpsit* on the note against D, in which he is styled in the writ and declaration *Ex'r* of T, and his liability and undertaking are alleged to be in that character, and he confesses judgment, and the entry of the judgment states it to be against him as *Ex'r*.—On appeal, *Held*, that such judgment was, notwithstanding, a judgment *de bonis propriis*.

*Held* also, that judgments against Ex'rs. or Adm'rs. upon contracts made by them after the deaths of their testators or intestates, are properly *de bonis propriis*, though they state themselves to contract in their representative capacity, and though they are so called in the proceedings in the actions brought against them upon such contracts.

APPEAL from *Somerset* County Court. This was an action of *assumpsit*, brought by the *Bank of Somerset*, (the appellees,) against *Henry K. Long*, and *Susan* his wife, surviving executrix of *Thomas Curtis*, (the appellants,) on a promissory note for $1360, dated the 21st of March 1817, drawn by *James*

*Anderson*, payable six months after date to *George S. Wilson*, or order, and by him endorsed to *Henry H. Curtis* and *Susan Curtis*, executors of *Thomas Curtis*, or order, and by *Henry H. Curtis*, one of the executors, endorsed to the *Bank of Somerset*. The declaration stated the death of *Henry H Curtis*, one of the executors, and the marriage of the other with *Henry K. Long*. It also stated that notice had been duly given to the endorsors of nonpayment by the maker; and that the said *Henry* and *Susan*, executors as aforesaid, being liable to pay, in consideration thereof assumed upon themselves as executors, and promised to pay, &c. The defendants did not plead, but confessed judgment for the damages laid in the declaration, and costs. They afterwards appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, STEPHEN, ARCHER, and DORSEY, J. by

*Wilson*, for the Appellants; and by
*J. Bayly*, for the Appellees.

EARLE, J. delivered the opinion of the court. We learned, in the argument of this case, that the appeal was taken therein almost three years after the judgment, under an apprehension that it is a judgment against the assets of *Thomas Curtis*, deceased, in the hands of the appellant, *Susan Long*, which might eventually involve her securities in the testamentary bond. We think those fears were groundless, and that the judgment cannot produce the apprehended consequences, being a correct judgment against *Susan Long*, in her own proper person, and not against the effects of the deceased in her hands to be administered.

A promissory note is the foundation of this suit, and it was endorsed to *Henry Curtis* and *Susan Curtis*, (now *Susan Long*,) the executors of *Thomas Curtis*, and was by them endorsed, in their character of executors, to the *Bank of Somerset*, the plaintiffs in the judgment, and the appellees in this court. Why it was thus endorsed to them, and by them, does not appear, nor doth it appear from the record, what connexion there was between the transaction and the affairs of the testator. If, however, they had endorsed a note, of which he was

the holder at his death, it would have made no difference—it would have only rendered them personally liable to the indorsees, it being a contract of their own, entered into by them subsequently to the death of their testator. *Chitty on Bills,* 138, and *King vs. Thom,* 1. *T. R.* 489. On the ground of the endorsement being their own contract, the judgment rendered thereon against them is *de bonis propriis,* although they are called in the writ executors of *Thomas Curtis,* and this appellation is used in the entry of the judgment against them. They contracted as executors, and there was no harm in calling them so in all parts of the proceedings of the action afterwards brought to enforce their engagement. It is a mere *descriptio personæ* of their own creating, which might have been used or dropped at pleasure. That a judgment against a man sued as executor, on a contract entered into by him after the death of his testator, is properly *de bonis propriis,* and not *de bonis testatoris,* is supported by many authorities; one or two only will be refered to by us. The case of *Barry vs. Rush,* 1 *Term Rep.* 691, is of this character, although the Reporter does not state the defendant to have been sued as administrator. The action was on an arbitration bond, entered into by the defendant as administrator, and it was adjudged that he could not plead *plene administravit;* and Judge *Buller,* in delivering his opinion, significantly says, that the administrator, by his bond, bound himself, his heirs, executors and administrators, and undoubtedly became *personally responsible* therein. *Jennings vs. Newman,* 4 *T. R.* 347, is yet a more pointed authority. The plaintiff there sued the defendant in *assumpsit,* on the undertakings of her intestate, and joined therewith a count stating, that after the death of the intestate, the defendant, as administratrix, was indebted to him in £1000, for so much money by the defendant, as such administratrix, received for the use of the plaintiff. This called forth a special demurrer, because the two causes of action, the one from the intestate, and the other from the administratrix, could not be joined. The court were of opinion, and so decided, that those counts could not be joined, because the last count stated a cause of action after the intestate's death, and would warrant a different judgment, clearly meaning thereby a judgment *de bonis propriis.*

·Other exceptions were taken on the argument to this record, upon which it is not considered by the court necessary to make any remarks. The judgment is a judgment by confession, and this circumstance does away objections which might otherwise be thought valid.

ARCHER and DORSEY, J. dissented.

JUDGMENT AFFIRMED.